|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | VICTOR M. TAGLE, SR., | Case No.: 2:18-cv-00694-APG-DJA |
| 4 | Plaintiff | **Order Accepting Report and Recommendation and Dismissing Case** |
| 5 | v. | |
| 6 | DHS/ICC INS, | [ECF No. 22] |
| 7 | Defendant | |

Magistrate Judge Hoffman previously denied Tagle's application to proceed in forma pauperis due to Tagle's "extensive history of filing civil actions in this court that are either malicious or that fail to state a claim." ECF No. 12 at 1 (footnote omitted). Judge Hoffman found Tagle to be "ineligible for pauper status" under the three strikes rule in 28 U.S.C. § 1915(g). *Id.* Judge Hoffman identified three prior cases in which Tagle's complaints were dismissed for failure to state a claim or maliciousness. *Id.* at 1 n.1 (citing *Tagle v. State of Nevada*, 2:15-cv-02083-RCJ-GWF; *Tagle v. State of Nevada*, 2:15-cv-02358-MMD-PAL; *Tagle v. State of Nevada*, 2:16-cv-00852-JAD-VCF). Judge Hoffman thus denied Tagle's application to proceed in forma pauperis and ordered him to pay the $400 filing fee by August 22, 2019. *Id.* at 2. Tagle did not pay the $400 filing fee. Consequently, on September 6, 2019, Magistrate Judge Albregts recommended I dismiss this case with prejudice. ECF No. 22.

Tagle objects, arguing that Judge Hoffman dismissed this case "under bribes."[1] He also argues that he "has not a 28 USC § 1915(g) on record, it was dismissed by: '9th Cir COA, on 5/18/17, order #10439517AF.'" ECF No. 26 at 1.

---

[1] Tagle has no evidence Judge Hoffman ruled as he did due to a bribe.

Tagle's objection is difficult to understand, but I located the Ninth Circuit decision to which he refers. *Tagle v. State of Nevada*, 2:16-cv-00850-JAD-GWF, ECF No. 19 (Ninth Circuit decision dated May 18, 2017). There, the Ninth Circuit held that the three above-mentioned cases could not serve as strikes under § 1915(g) because "those actions were dismissed after [Tagle] filed the . . . litigation" in 2:16-cv-00850-JAD-GWF. *Id.* at 2. Thus, they were not prior strikes for that case.

While that reasoning applied in *Tagle v. State of Nevada*, 2:16-cv-00850-JAD-GWF, it does not apply here. Tagle filed this case on April 16, 2018. ECF No. 1-1. Prior to that date, each of the above cases had been dismissed for failure to state a claim or maliciousness. *See Tagle v. State of Nevada*, 2:15-cv-02083-RCJ-GWF, ECF No. 8 (dismissing case on April 21, 2016); *Tagle v. State of Nevada*, 2:15-cv-02358-MMD-PAL, ECF No. 3 (dismissing case on May 20, 2016); *Tagle v. State of Nevada*, 2:16-cv-00852-JAD-VCF, ECF No. 7 (dismissing case on November 16, 2016). Consequently, unlike the other case where the Ninth Circuit reversed, here Tagle "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

Section 1915(g) provides an exception for a prisoner with three strikes to nevertheless bring suit if he is "under imminent danger of serious physical injury." Tagle does not challenge Judge Hoffman's conclusion that he does not allege he is in danger of serious physical injury.

IT IS THEREFORE ORDERED that Magistrate Albregts' report and recommendation **(ECF No. 22) is accepted** and plaintiff Victor Tagle's complaint **(ECF No. 1-1) is DISMISSED**

2

**with prejudice**. The clerk of court is instructed to enter judgment in favor of the defendant and against the plaintiff.

DATED this 1st day of October, 2019.

                                                             _____
                                                           ANDREW P. GORDON
                                                           UNITED STATES DISTRICT JUDGE